(38 Misc. Rep. 772.)

### LESTER v. LAWTON.

(Supreme Court, Appellate Term.  June, 1902.)

1. VENDOR AND PURCHASER—ADJUSTMENT OF RENT—RELEASE—EFFECT.
      The vendor of a house leased to tenants agreed that the rent should be "adjusted as of June 1, 1901."  On the payment of the May rent, and before the making of the contract of sale, he had agreed with the tenants that no rent for June and July should be charged.  No fraud or

misrepresentation was alleged by the purchaser. *Held*, that the vendor's previous release of rent for June and July was not a breach of the stipulation in the contract of sale for the adjustment thereof.

Appeal from municipal court, borough of Manhattan.

Action by John J. Lester against William E. Lawton. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

W. R. Hill, for appellant.

M. H. Hayman, for respondent.

GILDERSLEEVE, J. The action was brought to recover damages for an alleged breach of contract arising out of the sale of a house and lot in 112th street, New York City. The pleadings are oral, and there is no dispute as to the facts. The rents in question were, in the language of the contract, "to be adjusted as of June 1, 1901." That is, the defendant should account to the plaintiff for his proportionate part of rent becoming due after June 1st,—as, for instance, the rent of a quarter beginning May 1st and ending July 31st, where he had collected it in advance; and the plaintiff should account to the defendant for the same class of rent if payable after June 1st. The action was for a breach of this stipulation. It is unquestioned that no adjustment of the rents was made, and that in fact there was no rent due from any of the tenants. The position of the plaintiff is that the defendant is liable to him for the rent of the third and fifth floors for June and July, because, when he let that part of the premises, he accepted the rent for May under an agreement that the tenants should have the premises free of rent for June and July. To sustain this action, it was necessary for the plaintiff to prove that on June 1st there was rent due, or thereafter to become due, which had been collected by the defendant, and a proportionate part of which belonged to the plaintiff. But it appeared affirmatively that under the arrangement made by the defendant with the tenants of the two floors there was no such rent due. The defendant, as he had the right to do, had, before the contract was made, given the premises in question free of rent for June and July. The evidence shows that he did not accept the rent for May in payment of the rent for May, June, and July, but that, in consideration of the tenants' paying the May rent, he permitted them to occupy the premises for June and July free of rent; and, of course, he could not require them to pay rent for those two months. Consequently, within the meaning of the contract, there was no rent to be adjusted on June 1st. The contract contains no stipulation regarding the existence of rent, nor did the defendant make any representation that any rent would be due June 1st or thereafter. It was for the plaintiff to show affirmatively that rents were due June 1st, or would become due thereafter, and that they had been previously collected by the defendant. Of this there was no evidence; hence no damages for the breach charges were proved. Even if it were charged that defendant was guilty of a *suppressio veri* in fraudulently concealing the true state of the rent account of the prem-

ises, the action is not based on fraud, but on a simple breach of the contract, and therefore there can be no recovery on that ground. No statement was exacted by the plaintiff, when the contract was entered into, regarding the existence of rent due or to become due, and defendant made none. If the plaintiff did not choose to require such a statement, he cannot now obtain the same relief to which he might have been entitled if the defendant had made a statement which was equivalent to a warranty, or was false and fraudulent.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.